UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GERSY RODOLFO CONTRERAS
RANGEL,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.

_____/

Case No. 1:26-cv-1896

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing "consistent with due process." (Pet., ECF No. 1, PageID.3.)[1]

---

[1] With his petition, Petitioner also filed an emergency motion for immediate release pending adjudication of petition for writ of habeas corpus. (ECF No. 4.) Because the Court's opinion and judgment resolve the Petitioner's petition for a writ of habeas corpus, Petitioner's motion is moot.

In an order entered on June 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on June 26, 2026. (Resp., ECF No. 8.)

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2024. (Apr. 2024 Form I-213, ECF No. 8-1, PageID.60–61.) On April 20, 2026, ICE agents arrested Petitioner. (2026 Form I-213, ECF No. 8-8, PageID.87.)

On May 20, 2026, the Detroit Immigration Court denied Petitioner's request for bond, stating: "No jurisdiction. Arriving alien." (Bond Order, ECF No. 8-10, PageID.93.) Thereafter, on June 23, 2026, an Immigration Judge ordered Petitioner removed to Venezuela. (Removal Order, ECF No. 8-11, PageID.98.) Petitioner waived his right to appeal that order. (*Id.*, PageID.99.)

## III.    Discussion

On June 23, 2026, an Immigration Judge ordered Petitioner removed to Venezuela. Because Petitioner waived his right to appeal, Petitioner's order of removal became final at that time. *See* 8 U.S.C. § 1101(a)(47)(B) (explaining that, for the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled.

After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    July 8, 2026                       /s/ Robert J. Jonker
                                              Robert J. Jonker
                                              United States District Judge

3